Judge Tollison

USDC No. 3:21cv108-MPM-RP

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| SCOTT DELANO WHITAKER, | LAFAYETTE COUNTY<br>FILED<br>MAR 1 1 2021<br>JEFF BUSBY<br>CIRCUIT CLERK | PLAINTIFF |
| V. | | CAUSE NO.: L21-089 |
| PRINCIPAL LIFE INSURANCE COMPANY,<br>JOHN DOES I-X AND ROE CORPORATIONS I-X | | DEFENDANT |

## COMPLAINT

COME NOW, the Plaintiffs, Scott Delano Whitaker, by and through his attorneys of record, Garrett, Friday and Garner, PLLC and in the above styled and referenced cause, respectfully files this his *Complaint* against Defendant, Principal Life Insurance Company, an Iowa corporation, John Does I-X and Roe Corporations I-X and will show unto this honorable Court as follows:

1. That Plaintiff Scott Delano Whitaker (hereinafter referred to as "Dr. Whitaker") is a resident of the State of Mississippi.

2. That Defendant Principal Life Insurance Company, John Does I-X and Roe Corporations I-X (hereinafter referred to as "Insurance Company") is an Iowa Corporation, having its principal place of business in Des Moines, Iowa and is qualified to do business in the State of Mississippi and may be served by and through its registered agent Corporation Service Company at 505 5th Avenue Suite 729, Des Moines, Iowa 50309.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant John Does I-X and Roe Corporations I-X, including without limitation, any employer, franchisor, or owner d/b/a thereof, not currently known and therefore not yet named herein, are unknown to Plaintiff, who therefore sues said Defendant by such

1

fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendant designated as John Doe Defendant or Roe Corporations is responsible in some manner for the events and occurrences referred to in this Complaint, and/or may be affiliated with. Plaintiff will ask leave of the Court to amend this Complaint and insert the true names and capacities of John Doe Defendants I-X and Roe Corporations I-X when the same have been ascertained and to join said Defendant in this action.

## JURISDICTION AND VENUE

1. Plaintiff incorporates the preceding paragraphs of this *Complaint* as though said paragraphs were fully set forth at this point herein.

2. Venue and jurisdiction are proper in The Circuit Court of Lafayette County Mississippi as Plaintiff Dr. Whitaker is a resident of Lafayette County Mississippi.

3. The action involves written Insurance contracts to be performed in Mississippi.

4. Defendant are engaged in the transaction of business in the state of Mississippi.

## GENERAL ALLEGATIONS

1. Plaintiff incorporates the preceding paragraphs of this Complaint as though said paragraphs were fully set forth at this point herein.

2. On July 15, 1997 Dr. Whitaker purchased from Insurance Company, Professional Overhead Expense Policy number 7487816.

3. On July 15, 1998 Dr. Whitaker purchased from Insurance Company, Disability Income Policy number 7496525.

4. Since the above stated policy dates, Dr, Whitaker has maintained and continued to pay monthly premiums on each policy for a period of over twenty-six (26) years.

5. On or about March 18, 2018 Plaintiff Dr. Whitaker was injured and later required surgery on his leg. Dr. Whitaker subsequently filed claims against the Insurance Company requesting that he receive monthly benefits pursuant to his policies. Dr. Whitaker has received some payments under said policies, however, as a result of portions of his claims being denied and in order to maintain his businesses, Dr. Whitaker was forced to contribute personal funds to continue his business operations in an amount to date of approximately three hundred fifty-two thousand dollars ($352,000.00). This amount does not include fees and interest associated with his personal contributions. Also, as a result of the injury and the partial denial of his disability claims, Dr. Whitaker has been impacted and will continue to be impacted for the foreseeable future, and most likely for the remainder of his practicing years significantly

## FIRST CAUSE OF ACTION

(Breach of Contract)

1. Plaintiff repeats and reallege the allegations contained in the preceding paragraphs of this *Complaint* as though said paragraphs were fully set forth herein.

2. There are valid and existing insurance policies/agreements between Plaintiff and Defendant.

3. Plaintiff performed or was excused from performance under the policies/agreements.

4. Defendant breached the agreements by *inter alia*, refusing to properly compensate Plaintiff for disability benefits and reimburse Plaintiff for contribution of personal assets to the practice in order to maintain the business operations.

5. Plaintiff sustained damages as a result of Defendant's breach of the agreements.

3

6. Plaintiff has been required to retain legal counsel to commence this action and are entitled to attorney's fees and costs.

## SECOND CAUSE OF ACTION

(Contractual Breach of the Implied Covenant and Good Faith and Fair Dealing)

1. Plaintiff repeats the allegations contained in the preceding paragraphs of this *Complaint* as though said paragraphs were fully set forth herein.
2. There is implied in every contract a covenant of good faith and fair dealing.
3. Plaintiff and Defendant entered into valid and existing insurance agreemCents.
4. Defendant owed Plaintiff a duty of good faith and fair dealing.
7. Defendant breached their duty of good faith and fair dealing by, *inter alia*, refusing to properly compensate Plaintiff for disability benefits and reimburse Plaintiff for contribution of personal assets to the practice in order to maintain the business operations.
5. Plaintiff sustained damages as a result of Defendant's breach of implied covenant of good faith and fair dealing.
6. Plaintiff has been required to retain legal counsel to commence this action and are entitled to attorney's fees.

## THIRD CAUSE OF ACTION

(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

1. Plaintiff repeats the allegations contained in the preceding paragraphs of this *Complaint* as though said paragraphs were fully set forth herein.
2. There is implied in every contract a covenant of good faith and fair dealing.
3. Plaintiff and Defendant entered into valid and existing insurance agreements.
4. Defendant owed Plaintiff a duty of good faith and fair dealing.

5. As an Insurer, Defendant owed Plaintiff a fiduciary-like duty and there was a special element of reliance by Plaintiffs.

6. Defendant breached their duty of good faith and fair dealing by, *inter alia*, refusing to properly compensate Plaintiff for disability benefits and reimburse Plaintiff for contribution of personal assets to the practice in order to maintain the business operations.

7. Plaintiff sustained damages as a result of Defendant's breach of implied covenant.

8. Plaintiff is further entitled to punitive damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

9. Plaintiff has been required to retain legal counsel to commence this action and are entitled to attorney's fees.

## FOURTH CAUSE OF ACTION

(Bad Faith)

1. Plaintiff repeats the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. The acts and omissions of Defendant as Complained of herein, and yet to be discovered in this matter constitute bad faith.

3. Plaintiff sustained damages as a result of Defendant bad-faith.

4. Plaintiff is further entitled to punitive damages as a result of Defendant's bad-faith.

5. Plaintiff has been required to retain legal counsel to commence this action and are entitled to attorney's fees.

## FIFTH CAUSE OF ACTION

(Unfair Trade Practices)

1. Plaintiff repeats the allegations contained in the preceding paragraphs of this *Complaint* as though said paragraphs were fully set forth herein.

2. Defendant has engaged in unfair trade practices including Defendant's failure to properly settle Plaintiff's claims.

3. Plaintiff sustained damages as a result of Defendant's unfair trade practices.

4. Plaintiff is further entitled to punitive damages as a result of Defendant's unfair trade practices.

5. Plaintiff has been required to retain legal counsel to commence this action and are entitled to attorney's fees.

WHEREFORE, Plaintiff prays for judgment against the above-named Defendant and each of them jointly and severally, as follows:

1. For general damages in an amount to be determined;

2. For special damages in an amount to be determined;

3. For punitive damages in an amount to be determined at trial;

4. For reasonable attorney's fees and costs of Court;

5. For interest and the statutory rate; and for such other and further relief as this honorable Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 10th day of March 2021.

SCOTT DELANO WHITAKER

BY: _____
REBECCA BOND GARNER MS Bar # 101853
Attorneys for Plaintiffs

6

Garrett Friday and Garner PLLC  
1205 Office Park Drive, Suite B  
Oxford, Mississippi 38655  
Telephone: 662-281-0438  
Facsimile: 662-281-0439  
Email: rebecca@garrettfridayandgarner.com